UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Larry La'Dain Myers, #Y296570,<br><br>                        Plaintiff,<br><br>      v.<br><br>Warden NFN Padula; Major NFN Huges; Sgt. NFN Braveboy[1]; and Officer NFN McDaniels[2],<br><br>                      Defendants. | C/A No. 0:04-21983-GRA-BD<br><br>ORDER<br><br>[Written Opinion] |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on March 14, 2005, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action seeking relief pursuant to 42 U.S.C. § 1983 on August 27, 2004. On October 13, 2004, this Court issued an ORDER adopting the Report and Recommendation filed September 2, 2004 dismissing the plaintiff's complaint without prejudice and without issuance and service of process as to the defendant Lee Correctional Institution. On January 20, 2005, the defendants filed a motion for summary judgment. On January 26, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff was specifically advised that if he failed to

---

[1] This Defendant's name is "Brayboy" and is incorrectly spelled in the caption of the Complaint.

[2] This Defendant's name is "McDaniel" and is incorrectly spelled in the caption of the Complaint.

1

respond, this action would be dismissed for failure to prosecute.

The Plaintiff has failed to respond to the defendants' motion, despite warnings from the magistrate of the consequences for failing to do so. In the Report and Recommendation, the magistrate recommends dismissing this action for failure to prosecute. For the reasons stated herein, the recommendations of the magistrate are adopted, and the case is dismissed.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is

not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   Objections to the Report and Recommendation have not been filed.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

IT IS SO ORDERED.

                /s/G. Ross Anderson, Jr.
                G. ROSS ANDERSON, JR.
                UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April 18, 2005.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.